UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Republic National Distributing Company, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Johnson Brothers Liquor Company,<br><br>Defendant. | Case No. 24-mc-0008 (JFD)<br><br><br>**ORDER** |

This matter is before the Court on Republic National Distributing Company, LLC's Motion to Compel Discovery from Johnson Brothers Liquor Company (Dkt. No. 1). The motion is granted in part and denied in part, as set forth below.

**I.   Background**

Pursuant to Federal Rule of Civil Procedure 45, Republic National Distributing Company, LLC ("RNDC") moves to compel Johnson Brothers Liquor Company ("Johnson Brothers") to produce documents in response to a subpoena duces tecum served on June 14, 2023. RNDC intends to use the documents in a case pending in the Western District of Kentucky: *Sazerac Co., Inc. v. Republic National Distributing Co., LLC*, No. 3:23-CV-25-GNS. RNDC is the defendant in the *Sazerac* case; Johnson Brothers is not a party to the *Sazerac* case. The *Sazerac* case arose from Sazerac's termination of RNDC as an alcohol distributor and Sazerac's replacement of RNDC with several other distributors, including Johnson Brothers.

1

This miscellaneous action was opened when RNDC filed its motion to compel. Seven categories of documents are at issue in the motion:

1. Documents related to Sazerac's establishment of a distributor-supplier relationship with Johnson Brothers in any former RNDC state, including draft agreements, negotiations, and electronic correspondence, relating to terms or potential terms of a relationship between Sazerac and Johnson Brothers between January 1, 2022 through February 1, 2023 (Request Nos. 1, 2, and 3);

2. Documents related to Sazerac's products ordered by Johnson Brothers from January 1, 2022 through the present, including information by product, volume, state to which the products were delivered, order date, delivery date, and the processes through which the products were ordered, delivered, or received by Johnson Brothers (Request Nos. 4 and 5);

3. Documents related to Sazerac's and Johnson Brothers' communications regarding RNDC's relationship with Sazerac, RNDC's distribution of Sazerac products, or the *Sazerac* litigation from January 1, 2022 through the present (Request Nos. 6 and 9);

4. Documents related to the potential or actual purchase or transition of Sazerac products from Johnson Brothers since June 1, 2022 through the present (Request No. 7);

5. Documents and communications related to Sazerac's termination of RNDC in any state or territory since June 1, 2022 (Request No. 8);

6. Documents regarding Sazerac's programs for market development managers and market development representatives (Request No. 10); and

7. Documents identifying costs or handling fees paid by Johnson Brothers in connection with transition of inventory for the last five years (Request No. 11).

(*See* RNDC's Mem. Supp. Mot. Compel at 7, Dkt. No. 3.) RNDC has narrowed these categories further to include only documents relating to Sazerac's relationship with RNDC, any supplier-distributor relationship with Sazerac, and the *Sazerac* lawsuit. RNDC has also requested production of these documents directly from Sazerac in the *Sazerac* case and has filed a motion to compel the documents.

## II. Legal Standards

A subpoena issued under Rule 45 may command a person "to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery for a Rule 45 subpoena is the same as the scope of discovery under Rules 34 and 26 and is subject to the same constraints on relevance and proportionality." *In re Pork Antitrust Litig.*, No. 18-CV-1776 (JRT/HB), 2022 WL 972401, at *7 (D. Minn. Mar. 31, 2022). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies." *Keefe v. City of Minneapolis*, No. 9-CV-2941 (DSD/SER), 2012 WL 7766299, at *3 (D. Minn. May 25, 2012). That said, a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "Concern for the burden on a non-party subject to a subpoena carries special weight when balancing competing needs." *In re Pork Antitrust Litig.*, 2022 WL 972401, at *7.

## III. Discussion

There are two kinds of documents at issue: (1) documents that are in Sazerac's possession and (2) documents that are not. The motion is denied as to the first category because RNDC has already requested those documents directly from Sazerac and moved to compel them in the underlying action. The *Sazerac* court is in the best position to assess relevance, proportionality, burden, and other relevant factors, and that court will either compel the documents, in which case RNDC will receive them, or will not compel them,

3

for reasons this Court would be loath to second-guess. Thus, the motion to compel is denied as to responsive documents that are also in Sazerac's possession.

As to documents *solely* in Johnson Brothers' possession, the motion is granted as to documents responsive to Request Nos. 1, 2, 3, 4, 5, 6, 7, and 9. The Court finds that these documents are relevant and proportional to the needs of the *Sazerac* case and would not be unduly burdensome to produce. Request Nos. 8 and 10 seek documents so specific to Sazerac that they are not likely in Johnson Brothers' possession, custody, or control; the requests are also overbroad. Request No. 11, which is specific to Johnson Brothers, is overbroad, and any tangential relevance is outweighed by undue burden.

United States Magistrate Judge Barbara Moses reached a similar result on a similar motion in *Republic National Distributing Co., LLC v. Breakthru Beverage Group, LLC*, No. 24-mc-27 (LAK) (BCM) (S.D.N.Y. Mar. 8, 2024).[1] Consistency across federal district courts in different judicial districts is another reason for resolving this motion as the undersigned does. Although Magistrate Judge Moses' order differs slightly with respect to the specific subpoena requests, this Court will adopt by reference the parameters for next steps.

RNDC and Breakthru must promptly meet and confer over appropriate search terms or "string-type search terms" (as RNDC's counsel described them at the hearing), and the number and identity of custodians. This Court will instruct the Clerk's Office not to close this case so that any future disputes related to this motion can be addressed by this Court.

---

[1] RNDC provided this case as supplemental authority after the hearing. (*See* Dkt. No. 29.)

4

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Republic National Distributing Company, LLC's Motion to Compel Discovery from Johnson Brothers Liquor Company (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**, as set forth fully above.

Date: April 5, 2024					*s/ John F. Docherty*
							JOHN F. DOCHERTY
							United States Magistrate Judge